IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| SHURMAN STEWART, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | § |
| | § Civil No. 7:13-CV-013-O |
| WILLIAM STEPHENS, Director, | § |
| Texas Department of Criminal Justice, | § |
| Correctional Institutions Division, | § |
| | § |
| Respondent. | § |

FINDINGS, CONCLUSIONS AND RECOMMENDATION

By Order Referring Case (ECF 25) this § 2254 case was referred to the undersigned for a hearing, if necessary, and proposed findings of fact, conclusions of law, and recommendation for disposition.

Procedural History

On April 30, 2009 in the 89th District Court of Wichita County, Texas, Petitioner Stewart was convicted on his plea of guilty to the single offense of sexual assault on a child and was sentenced to 12 years in prison. As a part of his plea bargain, a second count was dismissed by the state. He did not seek a direct appeal of his conviction or sentence. Under 28 U.S.C. § 2244(d)(1)(A), Stewart's conviction became final on May 30, 2009, following the thirty day period during which Stewart could have filed a notice of appeal. Three and one-half years later, on November 26, 2012, Stewart filed a state habeas corpus petition challenging his conviction asserting that he did not have effective assistance of counsel when he pleaded guilty. That state court petition was denied by the Texas Court of Criminal Appeals on January 23, 2013 without written opinion. Then, twenty (20) days later on February 12, 2013 he filed his petition herein.

1

## Petitioner's Claims

Stewart claims that he was actually innocent of the offense to which he pleaded guilty and his conviction should be overturned because he had received ineffective assistance of counsel (IAC) due to counsel's failures:

1. To have sufficient sex abuse case education/knowledge
2. To investigate whether the victim's protection agency had audio recordings of interviews of the victim or used suggestive interviewing techniques
3. To challenge the evidence
4. To take witness depositions
5. To not insist upon a trial
6. To avoid a conflict of interest

## State's Response

The state responds that Stewart's claims are barred in this court due to the application of the AEDPA one year statute of limitations and that Stewart is not entitled to statutory or equitable tolling of the limitations period.

## Applicable Statute of Limitations

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. The one-year limitations period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

For purposes of § 2244(d)(1)(A) Stewart's April 30, 2009 state conviction became final on May 30, 2009 upon the expiration of the thirty-day time frame for seeking a direct appeal. Tex. R. App. Proc. 26.2(a)(1). Petitioner did not file any petition for writ of certiorari with the United States Supreme Court. Accordingly, the one-year limitation period for filing a federal petition began no later than May 30, 2009 and ended Monday, May 30, 2010, unless Stewart had a properly filed application for State post-conviction or other collateral review to toll the running of the limitations period. 28 U.S.C. § 2244(d)(2); see *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); see also *Artuz v. Bennett*, 531 U.S. 4 (2000). In the instant case, Stewart filed his only state writ application challenging the instant conviction on November 26, 2012, a date 911 days beyond the May 30, 2010 filing deadline. Thus, when Stewart mailed his petition on February 12, 2013, he exceeded the Fifth Circuit's "reasonable period" by 988 days, and, as a matter of law, his claims are untimely unless tolling applies.

## Statutory Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file his first state writ until November 26, 2013, three and one-half years after his state conviction became final on March 30, 2009.  While the one-year limitations period under AEDPA is tolled while a petitioner's state habeas application is pending before the Texas state courts, the federal one-year limitations period in this case expired before Petitioner ever filed his state writ. The statutory tolling provision does not save his federal petition.

## Newly Recognized Right

Petitioner Stewart argues instead, with respect to his ineffective assistance of trial counsel claim, that he is entitled to have limitations reckoned as provided in Section 2244(d)(1)(C), and,

3

in support of this claim he argues that *Lafler v. Cooper* and *Missouri v Frye*, each decided March 21, 2012, announced a constitutional right newly recognized by the Supreme Court which was in turn made retroactively applicable to cases on collateral review.

This argument has been repeatedly rejected within the Fifth Circuit.[1] Indeed, in a case "on all fours" with this case, Magistrate Judge Don Bush in the Eastern District of Texas, authoritatively addressed all of the issues Stewart attempts to raise in this case in *Kupper v. Director*, 2015 U.S. Dist. LEXIS 51247 (adopted by the District Court at 2015 U.S. Dist LEXIS 103514) opining:

> "Petitioner argues 28 U.S.C. § 2244(d)(1)(C) should be applied in determining the applicable statute of limitations. That provision established that the starting point for the one-year limitations period is, "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).
>
> In this case, petitioner contends that *Missouri v. Frye* and *Lafler v. Cooper*, both of which were issued on March 21, 2012, provide the starting point for the one-year limitations period. ___ U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012); ___U.S.___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). Petitioner filed his petition on December 10, 2012, within one year of the issuance of *Lafler* and *Frye*. Consequently, if section 2244(d)(1)(C) is applicable, the instant petition may be timely.
>
> There are three elements to consider in determining whether 28 U.S.C. § 2244(d)(1)(C) is applicable. As they relate to this case, those elements are: (1) whether *Lafler* or *Frye* create a "newly recognized" constitutional right; (2) whether the Supreme Court made that right retroactive on collateral review; and (3) whether either case triggers the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(C); *United States v. Lopez*, 248 F.3d 427, 430 (5th Cir. 2001) (analyzing 28 U.S.C. § 2255(f)(3), which is the 28 U.S.C. § 2255 equivalent to 28 U.S.C. § 2244(d)(1)(C)). Analysis in the case at bar begins and ends at the first of the three listed prongs because neither *Lafler* nor *Frye* "newly recognized" a constitutional right. *In Re Richard M. King, Jr.*, 697 F.3d 1189 (5th Cir. 2012) (in the context of a successive § 2254 application, "we agree with the Eleventh Circuit's determination in *In re Perez*, 682 F.3d 930, 933-34 (11th Cir. 2012), that *Cooper* and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context."). 28 U.S.C. §

---

[1] *Charles v. Stephens,* 2014 U.S. Dist. LEXIS 179665 (N.D. Tex. 2014); *Bramwell v. Warden*, 2015 U.S. Dist. LEXIS 116683 (W.D.La. 2015); *Alvarado v. Stephens*, 2015 U.S. Dist. LEXIS 77523 (S.D. Tex. 2015); *Ethridge v. Morgan*, 2015 U.S. Dist. LEXIS 85912 (W.D. La. 2015)

2244(d)(1)(C) is, therefore, not applicable to the present case.

*Equitable Tolling*

Finally, petitioner does not allege nor has he shown any facts entitling him to equitable tolling. See *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998) (holding that the limitations period can be equitably tolled in extraordinary circumstances). Equitable tolling is a discretionary doctrine turning on the facts and circumstances of each case and petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied 531 U.S. 1164, 121 S. Ct. 1124, 148 L. Ed. 2d 991 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000), cert. denied 531 U.S. 1035, 121 S. Ct. 622, 148 L. Ed. 2d 532 (2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). For equitable tolling to apply, the applicant must diligently pursue his Section 2254 relief and equity is not intended for those who sleep on their rights. *Fisher v. Johnson* 174 F.3d 710, 715 (5th Cir. 1999); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). In the present case, petitioner cannot show he acted diligently while pursuing habeas relief in both the federal and state courts. As a result, he has not shown that any principles of equitable tolling save his petition; consequently, the petition should be dismissed as time-barred."

Petitioner Stewart as not alleged any facts excusing his failure to make his arguments before the state courts for over 1275 days after his conviction or before a federal court for over 1698 days after his conviction. Even if the 423-day time period of the pendency of his state court habeas petition were counted for tolling purposes and applied to the beginning of the limitations period, his federal petition would still be 752 days too late. This reflects a total lack of diligence by Stewart toward his trying to assert a Sixth Amendment Constitutional right under questionable circumstances in the face of his admitted guilt.

<u>Knowledge of Facts Supporting Claims</u>

His attorney's alleged lack of knowledge, lack of investigation, absence of witness depositions, non-preparation for a trial and conflict of interest were either known to Stewart or are mere unsupported allegations. Nor has Stewart alleged how counsel's performance of any of these suggested actions would have affected the outcome of the case or affected Stewart's decision to waive a trial. All of the facts, if any, supporting the factual basis for Stewart's IAC claims were

known to him or had occurred prior to the time he entered his guilty plea. Accordingly, he cannot rely upon subdivision (D) of § 2255 (d)(1) to support a later limitations commencement date.

## Actual Innocence Claim

Stewart makes a claim of actual innocence.[2] In *Sawyer v. Whitley*, 505 U.S. 333, 112 S. Ct. 2514 (1992) the Supreme Court recognized that on habeas corpus a federal court could consider a claim of "actual-innocence" but held that under such claim, "the petitioner must show 'by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner' guilty. *Id.*, at 336." The next year in *Herrera v. Collins*, 506 U.S. 390, 113 S. Ct. 853 (1993), the Court addressed the issue of a "freestanding" claim of actual-innocence, a claim not otherwise accompanied by any other claim of a constitutional violation. In later cases the Supreme Court set forth the "gateway" standards for consideration of an actual-innocence claim on federal habeas.[3] But most of these cases involved a finding of guilt following a trial during which evidence was introduced and considered. In *Bousley v. U.S.*, 523 U.S. 614, 118 S. Ct. 1604 (1998) the Court recognized that an actual-innocence claim could be recognized by the court in habeas corpus even in the guilty plea context. Where the "intelligent choice" element of the voluntariness of plea determination is challenged on the basis of new court interpretation of the law, "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." 523 U.S. at 623 (citation omitted); see also, e.g., *McKay v. United States*, 657 F.3d 1190, 1198-99 (11th Cir. 2011). Recently, in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court held that a plea of actual innocence could overcome the one-year statute of limitations under the

---

[2] ECF 1, p. 3 and p. 4; ECF 22, p. 5.

[3] *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995); *Analyzed in 76 Alb. L. Rev. 1453 (2013);* Also, see non-capital case, *Calderon v. Thompson*, 523 U.S. 538, 118 S. Ct. 1489 (1998).

AEDPA, even in circumstances where equitable tolling is not appropriate because a petitioner has not exercised due diligence in pursuing his claim. It held that in order to be entitled to this exception to the statute of limitations, however, a federal habeas petitioner must present clear and convincing evidence of the petitioner's actual innocence. *Id*. at 1934-35.

But just like the petitioner in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995), Stewart's "claim of innocence, . . ., is procedural, rather than substantive. His constitutional claims are based not on his innocence, but rather on his contention that the ineffectiveness of his counsel (citations omitted) denied him the full panoply of protections afforded to criminal defendants by the Constitution."*Id.* p. 314. Stewart does not point to any evidence-new or old- that calls his guilt into question. He simply posits that his attorney's investigation **might** have turned up a witness[4] or evidence[5] that the victim was coached by suggestive interview techniques into making a false complaint.

By the documents tendered, executed and delivered by Stewart and his counsel incident to and as a part of the plea process, Stewart admitted his guilt and stipulated that facts alleged in the indictment were true and correct and that he gave up the rights to a trial, to cross-examine witnesses, compel the production of evidence, and to testify on his own behalf. EFC 20-1, pp.3-4, 8-9. His court appointed attorney certified that Stewart knowingly, intelligently and voluntarily gave up those rights and consented to the stipulation of evidence. *Id*. pp.4 and 14.

Finally, nowhere does Stewart allege any specific advice or action his counsel at the time of

---

[4] From unidentified witness(es) whom deposition(s) might have been taken to elicit unknown testimony about unarticulated facts.

[5] An unknown audio recording of an unidentified interview by an unidentified social worker that might have been suggestive (in some unspecified way) to the victim.

the plea bargain or plea hearing gave or took that was erroneous or that he failed to give or take or that Stewart did not understand before he entered his guilty plea and confessed. Stewart has wholly failed to make a "gateway" showing of his actual innocence of the offense for which he was convicted. Nor has Stewart even alleged the existence of any facts that would support a free-standing claim of actual innocence.

Accordingly and based on the foregoing, I recommend to the District Court that Stewart's petition be in all things DENIED and his petition be DISMISSED WITH PREJUDICE.

<u>Standard Instruction to Litigants</u>

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so ORDERED, this 6th day of October, 2015.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE